IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA LATE AND NATHAN ARMOLT, AS PARENTS AND NATURAL GUARDIANS OF D.A., A MINOR AND IN THEIR OWN RIGHT,** : : : : : : **Plaintiffs,** : : **v.** : : **UNITED STATES OF AMERICA** : **Defendant** : | **CIVIL NO. 1:13-CV-0756** **JUDGE SYLVIA H. RAMBO** |

## M E M O R A N D U M

Presently before the court is a motion in limine implicating whether an award of future medical expenses must be reduced to present value during a bench trial. This motion relates to a claim for personal injury brought against the United States of America under Section (b)(1) of the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 1346, wherein Plaintiffs seek to recover, *inter alia*, future medical expenses for the alleged personal injuries suffered by minor-plaintiff during his birth. The parties have fully briefed the issues, and, for the reasons that follow, the court will deny the motion in its entirety.

**I.      Discussion**

Resolution of the matter *sub judice* hinges on whether the Medical Care Availability and Reduction of Error ("MCARE") Act, 40 P.S. § 1303.509, requires an award of future medical expenses to be reduced to present value. Plaintiffs argue that the court should grant their motion in limine to exclude Defendant's expert, Mark Weinstein, MBA, from opining as to the present value of Defendant's life care

plan because the statute neither requires nor permits a reduction to present value. (*See* Doc. 31, pp. 3-6.) Defendant urges the court to deny Plaintiffs' motion because the statute at least requires a present value calculation for purposes of determining counsel fees, but contends that future medical expenses should be paid periodically based on the present value of the expenses awarded by the trier of fact.[1] (Doc. 40, p. 12-14 of 16.)

Section 1303.509 of the MCARE Act provides, in pertinent part, as follows:

> (a)  General rule. – In a medical professional liability action, the trier of fact shall make a determination with separate findings for each claimant specifying the amount of all of the following:
>
> * * *
>
> (2)  Future damages for:
>
> (i)  medical and other related expenses by year;
>
> (ii)  loss of earnings or earning capacity in a lump sum; and
>
> (iii)  noneconomic loss in a lump sum.
>
> (b)  Future damages. –
>
> (1)  Except as set forth in paragraph (8), future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to this subsection. The trier of fact may vary the amount of periodic payments for future

---

[1] Defendant also argues that the court should deny Plaintiffs' motion as untimely. (Doc. 40, p. 7-8 of 16.) However, because the court will deny the motion on other grounds, it need not address this argument.

        damages as set forth in subsection (a)(2)(i) from year to year for the expected life of the claimant to account for different annual expenditure requirements, including the immediate needs of the claimant. The trier of fact shall also provide for purchase and replacement of medically necessary equipment in the years that expenditures will be required as may be necessary.

(2)    The trier of fact may incorporate into any future medical expense award adjustments to account for reasonably anticipated inflation and medical care improvements as presented by competent evidence.

(3)    Future damages as set forth in subsection (a)(2)(i) shall be paid in the years that the trier of fact finds they will accrue. Unless the court orders or approves a different schedule for payment, the annual amounts due must be paid in equal quarterly installments rounded to the nearest dollar. Each installment is due and payable on the first day of the month in which it accrues.

(4)    Interest does not accrue on a periodic payment before payment is due. If the payment is not made on or before the due date, the legal rate of interest accrues as of that date.

(5)    Liability to a claimant for periodic payments not yet due for medical expenses terminates upon the claimant's death.

(6)    Each party liable for all or a portion of the judgment shall provide funding for the awarded periodic payments . . . by means of an annuity contract, trust or other qualified funding plan which is approved by the court.

\* \* \*

(8)    Future damages for medical and other related expenses shall not be awarded in periodic payments if the claimant objects and stipulates that the total amount of the future damages for medical and other related expenses, without

reduction to present value, does not exceed $100,000.

40 P.S. § 1303.509.

Although Plaintiffs argue that the MCARE Act does not require reduction to present value, it is undisputable that the plain language of subsection (A)(1) necessitates a present value calculation. *See id.* at (A)(1) ("based upon the present value of the future damages awarded . . . ."). The question is whether subsection (b)(1) requires the future medical damages award to be reduced to present value solely for the purpose of determining the "payment of the proportionate share of counsel fees and costs," or whether the future medical damages award should be reduced to present value for purposes of calculating the total damages award to be paid to the claimant. As both parties have acknowledged, the language of subsection (b)(1) "is not the model of clarity." (Doc. 31, p. 4 of 8; Doc. 40, p. 11 of 16.) However, after examining the statute as a whole, the court finds that it requires a future medical expenses award to be reduced to present value for purposes of proportioning counsel fees and costs, but that the periodic payments should be issued in the amount set forth by the fact finder pursuant to Subsection (a)(2)(i), without reduction to present value.

The statute requires the trier of fact to make a determination specifying, *inter alia*, the amount of future damages for "medical and other related expenses *by year*." 40 P.S. § 1303.509(a)(2)(i) (emphasis supplied). This is in stark contrast to the requirement that the amounts to be awarded for future lost earnings or earning capacity and noneconomic loss are to be determined "*in a lump sum.*" *Id.* at (a)(2)(ii)-(iii) (emphasis supplied). In determining the amount of each periodic payment for future medical damages, the trier of fact "may vary the amount . . . from

4

year to year for the expected life of the claimant to account for different annual expenditure requirements" and to "provide for purchase and replacement of medically necessary equipment in the years that expenditures will be required . . . ." *Id*. at (b)(1). The trier of fact may also "incorporate into any future medical expense award adjustments to account for reasonably anticipated inflation and medical care improvements . . . ." *Id*. at (b)(2). The "[f]uture damages *as set forth in subsection (a)(2)(i)* shall be paid in the years that the trier of fact finds they will accrue." *Id*. at (b)(3) (emphasis supplied). Thus, the statute specifically provides, albeit circuitously, that the specific dollar amount allocated by the fact finder for each year future medical expenses are awarded must be paid to the claimant, without a reduction to present value, in periodic payments in the year they accrue.[2]

These periodic payments for future medical and related expenses, however, "shall be paid . . . *after* payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to [subsection (b)(1)]." *Id*. at (b)(1) (emphasis supplied). Thus, the statute requires the court to determine the present value of the total amount of future damages awarded under subsection (a)(2)(i) for the purpose of providing the proportionate payment of counsel fees and costs in a lump sum up front, rather than by future installments as the periodic payments of future medical expenses become due. After the lump sum payment of counsel fees and costs is made, subsection (b)(3) provides that the future periodic payments – "*as set forth in subsection (a)(2)(i)*" – will be paid to the claimant in the years that the trier of fact found they will accrue. *Id*. at (b)(3)

---

[2] Future damages for medical and other related expenses will not be awarded in periodic payments, however, "if the claimant objects and stipulates that the total amount [of the award], without reduction to present value, does not exceed $100,000." 40 P.S. § 1303.509 (b)(8).

5

(emphasis supplied).  Significantly, there is no mention of reducing the periodic payments to present value.[3]  *See id.*

Not only does the court's interpretation of the statute as requiring reduction solely for purposes of proportioning the counsel fees and costs "give effect to all its provisions, so that no provision is mere surplusage," *Rodgers v. Lorenz*, 25 A.3d 1229, 1231 (Pa. Super. Ct. 2011), such an interpretation is also consistent with the very purpose of a present value reduction to a future damages award.  As the Pennsylvania Supreme Court explained in *Helpin v. Trustees of University of Pennsylvania*:

> In 1916, the United States Supreme Court held that, when damages are based upon the deprivation of future pecuniary benefits, any lump-sum award should be discounted to the "present value" of those benefits.  Implicit in this holding was the Court's assumption that any monetary award would be safely invested by the awardee, and accordingly would earn interest for the duration of the award.  Relying on the principle that damages should be limited to compensating the injured party for the deprivation of future benefits, the High Court determined that "adequate allowance [must] be made, according to circumstances, for the earning power of the money."  If the earning power of the monetary damage award were not taken into account, then the true value of the award would be greater than the amount to which the aggrieved party was entitled, resulting in over compensation.  Although finding it "self[-]evident that a given sum of money in hand is worth more than the like sum of money payable in the future," the Court declined to set forth a formula that should be used to calculate the discount of a damages award to present value.  Rather, the Court left such matters to "the law of the forum."

---

[3] In contrast, the MCARE Act specifically provides that "[f]uture damages for loss of earnings or earning capacity in a medical professional liability action shall be reduced to present value based upon the return that the claimant can earn on a reasonably secure fixed income investment."  40 P.S. § 1303.510.

*Helpin*, 10 A.3d 267, 270-71 (Pa. 2010) (internal citations omitted).[4]  Thus, where the award is not payable by lump-sum up front but rather incrementally in the future, the awardee is not provided the opportunity to safely invest the money and earn interest, thus negating the purpose of reducing the award to present value to avoid over-compensating the aggrieved party.  Accordingly, the court finds that the statute requires reduction to present value for purposes of determining counsel fees and costs.

However, such a reduction may also be relevant, as Defendant points out, to a court in assessing a defendant's proposed plan for funding the periodic payments.  Under subsection (b)(6), if a defendant is found liable, the defendant must "provide funding for the awarded periodic payments . . . by means of an annuity contract, trust or other qualified funding plan which is approved by the court."  *Id*. at (b)(6).  It is therefore possible for a defendant to fund the future medical expenses award with an amount that is significantly less than the sum total of the periodic payments.  For example, the defendant may propose purchasing an annuity, which will grow over time to fund the periodic payments and terminate upon the claimant's

---

[4] In 1980, the Pennsylvania Supreme Court adopted the total offset method for calculating future lost income in *Kaczkowski v. Bolubasz*, 421 A.2d 1027(Pa. 1980), wherein "a court does not discount the [lost future earnings award] to its present value but assumes that the effect of the future inflation rate will completely offset the interest rate, thereby eliminating any need to discount the award to its present value." *Helpin*, 10 A.3d at 272 (quoting *Kaczkowski*, 421 A.2d at 1036.)  In *Helpin*, the court cautioned that it decided *Kaczowski* narrowly, specifically stating that "with respect to the calculation of future damages 'in other contexts,' [it] did not wish to disturb the requirement that an award be discounted to present value." *Id*. at 274 (quoting *Kaczkowski*, 421 A.2d at 1037 n.21).  The issue before the *Helpin* court was whether the total offset method should be extended to awards of future lost income derived from business profits.  While the court elected to extend it to such a scenario, the court noted that the defendant did not propose that *Kaczkowski* be overturned and suggested that, if the issue is properly presented in the future, it would consider whether *Kaczkowski* was wrongly decided and should be overturned.  *See id*., 10 A.3d at 277 n.6.  Accordingly, the total offset method does not apply to awards for future medical damages.

death. In this regard, an expert could assist the court by reducing the future medical expenses and suggesting the appropriate amount to fund the annuity.

Accordingly, the court finds that, if Defendant is found liable, the reduction of future medical expenses to present value will be necessary under the MCARE Act to ascertain the appropriate proportion of counsel fees and costs.[5]  In addition, such a calculation may also assist the court, if necessary, in approving Defendant's proposed funding plan.

**II.**     **Conclusion**

For the reasons set forth above, the court will deny Plaintiff's motion in limine to exclude Defendant's expert Mark Weinstein from opinion on the present value of future medical expenses.

                                                                      s/Sylvia H. Rambo
                                                                      United States District Judge

Dated: August 14, 2014.

---

[5] The court recognizes that the apportionment of counsel fees and costs is a post-verdict consideration, and therefore evidence in this regard ordinarily would not be relevant for purposes of liability at trial. However, this is a bench trial and the court is confident it can separate the issues. If Defendant is found liable and future medical expenses are awarded, the court will not consider any present value reduction to future medical expenses for purposes of determining the amount of damages. Rather, as discussed above, such a reduction will only be used to determine the proportion of counsel fees and costs, which requires a reduction to present value.