IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA LATE and NATHAN ARMOLT, as parents and natural guardians of D.A., a minor, and in their own right, | : : : : : | Civ. No. 1:13-CV-0756 |
| Plaintiffs, | : : | |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | Judge Sylvia H. Rambo |

In accordance with the court's Findings of Fact and Conclusions of Law (Doc. 122), **IT IS HEREBY ORDERED** as follows:

1. A verdict and judgment is hereby entered for Plaintiffs Christina Late and Nathan Armolt, individually, and as parents and natural guardians of D.A, a minor, against the United States.

2. Because this is a medical malpractice action in Pennsylvania, the award of damages in this case is governed by the Medical Care Availability and Reduction of Error Act (MCARE), 40 P.S. § 1303.101 et seq. 40 P.S. § 1303.509 provides:

    (a) General rule.-- In a medical professional liability action, the trier of fact shall make a determination with separate findings for each claimant specifying the amount of all of the following:

    (1) Except as provided for under section 508, past damages for:

1

(i) medical and other related expenses in a lump sum;
(ii) loss of earnings in a lump sum; and
(iii) noneconomic loss in a lump sum.

(2) Future damages for:
(i) medical and other related expenses by year;
(ii) loss of earnings or earning capacity in a lump sum; and
(iii) noneconomic loss in a lump sum.

(b) Future damages.--

(1) Except as set forth in paragraph (8), future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to this subsection. The trier of fact may vary the amount of periodic payments for future damages as set forth in subsection (a)(2)(i) from year to year for the expected life of the claimant to account for different annual expenditure requirements, including the immediate needs of the claimant. The trier of fact shall also provide for purchase and replacement of medically necessary equipment in the years that expenditures will be required as may be necessary.

(2) The trier of fact may incorporate into any future medical expense award adjustments to account for reasonably anticipated inflation and
medical care improvements as presented by competent evidence.

(3) Future damages as set forth in subsection (a)(2)(i) shall be paid in the years that the trier of fact finds they will accrue. Unless the court orders or approves a different schedule for payment, the annual amounts due must be paid in equal quarterly installments rounded to the nearest dollar. Each installment is due and payable on the first day of the month in which it accrues.

(4) Interest does not accrue on a periodic payment before

payment is due. If the payment is not made on or before the due date, the legal rate of interest accrues as of that date.

(5)   Liability to a claimant for periodic payments not yet due for medical expenses terminates upon the claimant's death.

(6)   Each party liable for all or a portion of the judgment shall provide funding for the awarded periodic payments, separately or jointly with one or more others, by means of an annuity contract, trust or other qualified funding plan which is approved by the court. The commissioner shall annually publish a list of insurers designated by the commissioner as qualified to participate in the funding of periodic payment judgments. No annuity contractor may be placed on the commissioner's list of insurers unless the insurer has received the highest rating for claims paying ability by two independent financial services within the last 12 months.

(7)   If an insurer defaults on a required periodic payment due to insolvency, the claimant shall be entitled to receive the payment from the Medical Care Availability and Reduction of Error Fund or, if the fund has ceased operations from the Pennsylvania Life and Health Insurance Guaranty Association or the Property and Casualty Insurance Guaranty Association, whichever is applicable.

(8)   Future damages for medical and other related expenses shall not be awarded in periodic payments if the claimant objects and stipulates that the total amount of the future damages for medical and other related expenses, without reduction to present value, does not exceed $100,000.

(c)   Effect of full funding.--If full funding of an award pursuant to this section has been provided, the judgment is discharged, and any

outstanding liens as a result of the judgment are released.

(d)   Retained jurisdiction.--The court which enters judgment shall retain jurisdiction to enforce the judgment and to resolve related disputes.

3. The Court awards Christina Late and Nathan Armolt past medical expenses in the amount of $103,967.10.

4. The Court awards D.A. past and future noneconomic damages in the amount of $5,000,000.00.

5. Section 1303.501 provides:

Future damages for loss of earnings or earning capacity in a medical professional liability action shall be reduced to present value based upon the return that the claimant can earn on a reasonably secure fixed income investment. These damages shall be presented with competent evidence of the effect of productivity and inflation over time. The trier of fact shall determine the applicable discount rate based upon competent evidence.

6. The Court awards D.A. his loss of earnings in the amount of $2,733,551 and a loss of fringe benefits in the amount of $820,065, for a total of $3,553,616.

7. The Court awards D.A. a total of $9,309,503.90 at present value for D.A.'s future medical and other related expenses.

8. The Court awards D.A. a total of $32,984,383.50 at future value for D.A.'s future medical and other related expenses, listed by year to be paid until D.A. reaches 78.9 years of age, or until his death, whichever occurs first:

| Age | Future Medical Award at Future Value |
|---|---|
| 4 (2016) | $ 98,728 |
| 5 (2017) | $ 102,477 |
| 6 (2018) | $ 106,372 |
| 7 (2019) | $ 110,418 |
| 8 (2020) | $ 162,834 |
| 9 (2021) | $ 118,985 |
| 10 (2022) | $ 123,518 |
| 11 (2023) | $ 128,228 |
| 12 (2024) | $ 133,120 |
| 13 (2025) | $ 214,976 |
| 14 (2026) | $ 176,181 |
| 15 (2027) | $ 182, 630 |
| 16 (2028) | $ 189,322 |
| 17 (2029) | $ 196,264 |
| 18 (2030) | $ 280,372 |
| 19 (2031) | $ 210,939 |
| 20 (2032) | $ 218,692 |
| 21 (2033) | $ 226,738 |

| | |
|---|---|
| 22 (2034) | $ 226,945 |
| 23 (2035) | $ 322,397 |
| 24 (2036) | $ 231,924 |
| 25 (2037) | $ 238,777 |
| 26 (2038) | $ 245,832 |
| 27 (2039) | $ 253,096 |
| 28 (2040) | $ 383,245 |
| 29 (2041) | $ 268,274 |
| 30 (2042) | $ 276,201 |
| 31 (2043) | $ 284,362 |
| 32 (2044) | $ 292,765 |
| 33 (2045) | $ 301,415 |
| 34 (2046) | $ 310,322 |
| 35 (2047) | $ 319,492 |
| 36 (2048) | $ 328,933 |
| 37 (2049) | $ 338,653 |
| 38 (2050) | $ 348,660 |
| 39 (2051) | $ 358,963 |
| 40 (2052) | $ 369,571 |
| 41 (2053) | $ 380,492 |

| | |
|---|---|
| 42 (2054) | $ 391,736 |
| 43 (2055) | $ 403,313 |
| 44 (2056) | $ 415,231 |
| 45 (2057) | $ 427,502 |
| 46 (2058) | $ 440,136 |
| 47 (2059) | $ 453,143 |
| 48 (2060) | $ 466,535 |
| 49 (2061) | $ 480,322 |
| 50 (2062) | $ 494,517 |
| 51 (2063) | $ 509,132 |
| 52 (2064) | $ 524,179 |
| 53 (2065) | $ 539,671 |
| 54 (2066) | $ 555,620 |
| 55 (2067) | $ 572,042 |
| 56 (2068) | $ 588,948 |
| 57 (2069) | $ 606,355 |
| 58 (2070) | $ 624,276 |
| 59 (2071) | $ 642,727 |
| 60 (2072) | $ 661,724 |
| 61 (2073) | $ 681,282 |

| | |
|---|---|
| 62 (2074) | $ 701,418 |
| 63 (2075) | $ 722,150 |
| 64 (2076) | $ 743,495 |
| 65 (2077) | $ 765,471 |
| 66 (2078) | $ 788,096 |
| 67 (2079) | $ 811,391 |
| 68 (2080) | $ 835,374 |
| 69 (2081) | $ 860,067 |
| 70 (2082) | $ 885,489 |
| 71 (2083) | $ 911,664 |
| 72 (2084) | $ 938,612 |
| 73 (2085) | $ 966,357 |
| 74 (2086) | $ 994,923 |
| 75 (2087) | $ 1,024,333 |
| 76 (2088) | $ 1,054,613 |
| 77 (2089) | $ 434,316 |

9. The amount of $8,657,583.10 represents the total amount awarded to D.A. for his non-economic damages and loss of earning capacity and to his parents for past medical expenses. The present value of the future damages

listed in paragraph 7 is $9,309,503.10. Therefore, the present value of the total award in Plaintiffs' favor is $17,967,086.20. Plaintiffs' counsel are entitled to no more than 25% of this total amount in attorney's fees. 28 U.S.C. § 2678.

10. Per the Court's March 3, 2015 Order (Doc. 67), the Court will hold a hearing on Thursday, July 13, 2017 at 9:30 a.m., in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania, to determine the appropriate type of funding and method of administration of the award to D.A.

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated: May 9, 2017